***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the named employee and named employer.
3. American Home Assurance Company is the carrier on risk.
4. The employee's average weekly wage will be determined from an I.C. Form 22 wage chart to be provided by employer/carrier prior to the time of the hearing.
5. The employee sustained injuries on or about October 25, 1999 and December 12, 1999.
6. Responses to interrogatories, documentation from plaintiff's personnel file and Industrial Commission Forms were stipulated into evidence as Stipulated Exhibit 2.
7. The injuries arose out of and in the course of employment and are compensable.
The issues before the deputy commissioner were: (i) whether the plaintiff is entitled to TTD after she was informed by the employer in July 2000 that they did not have work available for her within her restrictions; (ii) is plaintiff entitled to ongoing medical treatment for injuries sustained in the compensable accident arising out of and in the course of his employment; (iii) is plaintiff entitled reasonable attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1; (iv) is plaintiff entitled to any additional total disability compensation for her injuries of October 25, 1999 and December 12, 1999?
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing, plaintiff was 55 years old. Plaintiff previously worked for the maintenance department for defendant-employer. Her responsibilities included gathering trash, cleaning the floor with a floor machine and cleaning the bathrooms.
2. On October 25, 1999, plaintiff was operating the floor machine to clean and buff the floors for defendant when she felt a sharp pain across her chest and in her back, neck and right shoulder. The pain was very intense and plaintiff informed defendant what had happened and stated she was going to go home because she was in great pain.
3. On October 26, 1999, plaintiff was seen by the company doctor at Onslow Doctor's Care because the pain had not subsided. Plaintiff subsequently treated with Dr. Difiore, who diagnosed her with right rotator cuff tendonitis.
4. On December 12, 1999, plaintiff was stepping backwards when her foot landed on the edge of a dustpan and she lost balance. Plaintiff fell backward on her right side injuring her right ankle, back and neck.
5. Plaintiff was again sent to Onslow Doctor's Care where she was diagnosed as having a lumbosacral sprain and a contusion of the pelvis. Plaintiff again presented to Dr. Difiore concerning her fall. Dr. Difiore diagnosed her rotator cuff tendonitis as resolving. Plaintiff did not continue to treat with Dr. Difiore because this claim was denied.
6. Plaintiff began treatment with Randy Schilsky, D.C., who noted plaintiff had an acute injury of the cervical spine and the condition had become chronic. Plaintiff was placed on light duty with a restriction on the amount of lifting, standing, and walking she was able to do.
7. Deputy Commissioner Jones found plaintiff's injuries on October 25, 1999, and December 12, 1999, to be compensable. Deputy Commissioner Jones also found that the proffered sitting greeter position was "make work" and not a regular position that defendant-employer hires individuals to perform. Deputy Commissioner Jones' Opinion and Award was not appealed, is final, and constitutes the law of the case.
8. Deputy Commissioner Jones' Opinion and Award also ordered defendants to pay plaintiff's medical expenses and to reimburse plaintiff for personal/sick time that plaintiff took due to her injuries by accident. Deputy Commissioner Jones' Opinion and Award did not address the issue of compensation under Section 97-29. Deputy Commissioner Jones found that plaintiff should be seen by Dr. Difiore to determine any permanent partial disability. There is nothing in the record before the Full Commission to indicate that this has been done.
9. Plaintiff willingly accepted an offer of light duty work as a sitting greeter. Plaintiff worked as a front door greeter and in the telemarketing department. Plaintiff worked at whatever light duty positions defendant-employer made available.
10. In a July 19, 2000 meeting, Janet Rooney, personnel coordinator for Sam's Club, and Selma Brent, manager of Sam's Club, told plaintiff that the employer could not accommodate plaintiff's restrictions by allowing her to use a chair. Plaintiff was told she would have to do the job without the chair or go home.
11. There was no regular position as a sitting greeter with defendant-employer. The chair was provided to plaintiff in order to accommodate her light duty restrictions from Dr. Schilsky.
12. In April 2001, plaintiff received a letter stating that defendant-employer had a position available as a cashier. The letter also stated that plaintiff would be terminated if she did not report to work. The letter did not state which cashier job was being offered and did not indicate that a chair could be used to accommodate plaintiff's restrictions. There is no evidence that this job was approved by plaintiff's treating physician as being within plaintiff's restrictions.
13. Janet Rooney testified, and the Full Commission finds as fact, that defendant-employer offered plaintiff a job as a cashier, that it was not a specific cashier job, and that the job would have to be modified to accommodate plaintiff's restrictions. Further, defendant-employer does not have any regular jobs that allow sitting, and any job with defendant would have to be modified in order to accommodate plaintiff's restrictions. The cashier job offered to plaintiff did not indicate that it was within plaintiff's restrictions (i.e., would allow sitting) and it was not approved by plaintiff's treating physician.
14. Plaintiff's refusal of the cashier job offered by defendant's certified letter plaintiff received on April 5, 2001, was not an unjustified refusal of suitable employment, especially in light of the July 19, 2000 meeting in which plaintiff was told by Ms. Rooney and Mr. Brent that she could no longer use a chair and that, if she could not work without a chair, she would have to go home. Plaintiff required a job that would allow sitting, defendant offered her a cashier job with no indication that sitting would be allowed, and defendant previously had refused to allow plaintiff to work while sitting.
15. Plaintiff did not report to work because the job offered was not within her restrictions and limitations. Plaintiff was terminated by defendant as of July 19, 2000.
16. Plaintiff has applied for various jobs on her own and has yet to find employment due to her disability and related work restrictions.
17. Plaintiff has received no wages in any employment since she last worked with defendants on July 19, 2000. Defendants have not offered plaintiff suitable employment nor have they assisted plaintiff in trying to return to work elsewhere.
18. An unsuccessful effort to obtain employment is some evidence of disability. Plaintiff testified that she had stopped seeing Dr. Schilsky because defendants did not pay his bills. Plaintiff has not seen Dr. Difiore for an impairment rating as set out in Deputy Commissioner Jones' Opinion and Award and, as such, the Commission does not have any current medical evidence regarding the extent of any permanent partial disability plaintiff may retain.
19. Defendants have submitted a Form 22 which indicates that plaintiff's average weekly wage was $267.64 which produces a $178.43 compensation rate.
20. Defendants have not unreasonably defended this claim.
 ***********
Based on the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On October 25, 1999, and December 12, 1999, plaintiff sustained injuries by accident arising out of and in the course of her employment with defendant-employer. G.S. § 97-2(6).
2. The nonspecific cashier job offer tendered to plaintiff without regard to modifications to accommodate her restrictions was not suitable employment as tendered and plaintiff was justified in refusing this position. G.S. § 97-32; Peoples v. Cone Mills Corp., 316 N.C. 426,342 S.E.2d 798 (1986).
3. Plaintiff has shown that she is disabled because she has been unable to find employment due to her injury by accident and resulting restrictions. Disability means "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. § 97-2(9).
4. Plaintiff is entitled to receive total disability compensation at the rate of $178.43 per week from July 19, 2000, until plaintiff returns to work or until further order of the Industrial Commission. G.S. §97-29.
5. Defendants are responsible for payment of all medical expenses incurred by plaintiff as a result of her injuries by accident that are reasonably required to effect a cure, provide relief, or lessen the period of disability. G.S. § 97-25.
6. Defendants have not unreasonably defended this claim. G.S. §97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to an attorney fee set out below, defendants shall pay plaintiff total disability compensation at the rate of $178.43 from July 19, 2000, and continuing until plaintiff returns to work or until further order of the Commission. Any amounts that have accrued shall be paid in a lump sum.
2. Defendants shall pay for all medical expenses reasonably required to effect a cure, provide relief, or lessen the period of plaintiff's disability, including but not limited to the treatment provided by Dr. Difiore, Dr. Davis and Randy Schilsky, D.C.
3. With regard to any personal/sick time not already restored to plaintiff, defendants shall reimburse plaintiff for any personal/sick time taken for her injuries by accident, as ordered by Deputy Commissioner Jones.
4. Plaintiff's counsel is entitled to 25 percent of plaintiff's award in paragraph 1 above. Defendants shall deduct 25 percent of the lump sum due plaintiff and forward the amount directly to plaintiff's counsel. Thereafter, every fourth check shall be paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN